# CIRCUIT COURT OF GREENSVILLE COUNTY

Mary E. Carter

v.

Cynthia Evora Brooks

March 7, 2008

Case No. CL06-0272

By Judge W. Allan Sharrett

In this equity cause, the Plaintiff demands a trial by jury, pursuant to Virginia Code § 8.01-336. It is unclear whether the demand comes pursuant to Subsection D, which gives the Plaintiff an unqualified right to trial by jury if the requirements of the section are otherwise met, or under Subsection E, which vests in the Court the discretion to empanel an advisory jury, upon request and upon the meeting of certain conditions. The Plaintiff's original Motion for Trial by Jury is ambiguous, as it "demands" trial by jury, available only pursuant to D, while it refers to "an advisory jury," contemplated only by E, and is accompanied by an affidavit, likewise required only by E. The Court will assume, as have the parties, that the motion is in the disjunctive, and is brought under both subsections.

As regards Subsection D, the Plaintiff is not entitled to a trial by jury; as regards Subsection E, the Court, in its discretion, declines to empanel an advisory jury.

Section 8.01-336(D) entitles the Plaintiff to a jury trial only in cases where a "plea has been filed to an equitable claim. . . ." A "plea" is a legal term of art, with specific connotation, and does not include mere affirmative defenses or grounds of defense. Rather, defense by plea "is used where the defendant desires to present a *single state of facts* as a defense to the plaintiff's suit. The advantage which the plea presents over the answer is that it shortens the litigation, reducing the issue, as it does, to a *single point*." Lile, John A.,

and Edward B. Meade, *Lile's Equity Pleading and Practice*, p. 114 (3d ed., 1952) (emphasis supplied). *Lile, supra*, details numerous examples of pleas, but makes no reference by estoppel.

The assertion made by the Defendant that she will rely on the affirmative defense of estoppel is a matter which simply will not reduce the litigation to a single point; it cannot be raised by a single set of facts; and it will not shorten the litigation. While estoppel may act as a bar (though this is certainly not clear, as the type of estoppel has not been alleged), it will take the entire course of the litigation to decide whether this is the case. Accordingly, this assertion by the Defendant cannot be considered a plea, and Subsection D is inapplicable here, as it operates only where the defendant has filed a plea.

Subsection (E) vests in the court the discretion to order a trial by jury when "the case will be rendered doubtful by conflicting evidence. . . ." The purpose of this provision is "to satisfy the conscience of the chancellor in a doubtful case. . . . The conflict of evidence must be great and its weight so nearly evenly balanced that the court is unable or with great difficulty able to determine where preponderance lies." *Nelms v. Nelms*, 236 Va. 281, 290 (1988). In the instant case, there is no indication that this matter will involve facts so evenly balanced that the chancellor will have great difficulty discerning them. Accordingly, the Court declines to exercise its discretion to order an issue out of chancery.